**FILED**

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

JUN 2 6 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

COREY M. WRIGHT, Plaintiff,

v.

DAILY RESOLVE, a business entity with principal place of business in Delray Beach, Florida, and DOES 1-10, inclusive, Defendants.

Case No.: 2:26-CV-2279 DC DMC-(PS)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

DEMAND FOR JURY TRIAL

INTRODUCTION

1. Plaintiff COREY M. WRIGHT ("Plaintiff") brings this action against Defendant DAILY RESOLVE ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations at 47 C.F.R. § 64.1200, arising from Defendant's repeated transmission of unsolicited commercial text messages to Plaintiff's cellular telephone number (916) 308-0784, without Plaintiff's prior express written consent, and in direct disregard of Plaintiff's explicit opt-out request.

2. Congress enacted the TCPA to protect consumers from exactly this type of unwanted, intrusive, and harassing communications. The TCPA provides statutory damages of $500 per violation, trebled to $1,500 per violation upon a finding of willful or knowing conduct.

3. Defendant transmitted no fewer than ten (10) unsolicited text messages to Plaintiff's cellular telephone number across multiple numbers and over a period spanning from on or about October 20, 2025 through May 6, 2026, even after Plaintiff expressly requested that the messages cease by replying "STOP."

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3), as this action arises under the laws of the United States.

5. This Court has personal jurisdiction over Defendant because Defendant directed its unlawful communications into the State of California, specifically to Plaintiff's cellular telephone number registered in California, thereby purposefully availing itself of the privileges of conducting activities within California.

6. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and the violations alleged herein occurred in this District when the unlawful text messages were received by Plaintiff in Chico, California.

PARTIES

7. Plaintiff COREY M. WRIGHT is a natural person residing at 125 Parmac Road, Unit 18, Chico, California 95926, and is the subscriber and regular user of cellular telephone number (916) 308-0784 and (530)717-0566.

8. Defendant DAILY RESOLVE is a business entity with its principal place of business located at 220 Congress Park Drive, Suite 215, Delray Beach, Florida 33445. Defendant is responsible for the transmission of the unsolicited text messages described herein, either directly or through agents, affiliates, or third-party vendors acting on its behalf and within its direction and control.

9. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Upon information and belief, DOES 1 through 10 include individuals and entities who participated in, directed, authorized, or benefited from the unlawful conduct described herein, including but not limited to third-party text message service providers and marketing affiliates.

FACTUAL ALLEGATIONS

10. Plaintiff is the subscriber, owner, and regular user of cellular telephone number (916) 308-0784 and (530)717-0566.

11. Plaintiff has never had any prior business relationship with Defendant DAILY RESOLVE, has never provided Defendant with his telephone number, and has never provided Defendant with any form of prior express written consent to receive text messages of any kind.

12. Plaintiff's cellular telephone number (916) 308-0784 and (530)717-0566 are registered on the National Do Not Call Registry maintained by the Federal Trade Commission, further evidencing Plaintiff's clear desire not to receive unsolicited commercial communications.

13. Defendant, directly or through agents acting on its behalf, transmitted the following unsolicited commercial text messages to Plaintiff's cellular telephone number (916) 308-0784 from the following numbers on the following dates:

14. The use of multiple different telephone numbers originating from various area codes to transmit messages promoting the same commercial entity, DAILY RESOLVE, is consistent with and indicative of the use of an automatic telephone dialing system ("ATDS"), a predictive dialer, or an equivalent automated bulk messaging platform designed to send high-volume commercial text messages while evading carrier filtering systems.

15. The pattern of calls from multiple numbers across different states promoting a single commercial entity strongly suggests the use of spoofed, rotated, or dynamically assigned numbers, which is a hallmark of automated dialing systems prohibited under the TCPA.

16. The text messages transmitted by Defendant contained commercial solicitations and/or promotional content on behalf of Defendant DAILY RESOLVE.

17. Plaintiff never consented, expressly or impliedly, to receive any text messages from Defendant. Plaintiff has no prior or existing business relationship with Defendant DAILY RESOLVE, has never visited Defendant's website, and has never submitted any form, inquiry, or application to Defendant.

18. Upon receiving these unwanted text messages, Plaintiff replied "STOP" to Defendant's messages in a clear, unambiguous, and legally recognized opt-out request, as is his right under the TCPA and its implementing regulations at 47 C.F.R. § 64.1200(d).

19. Notwithstanding Plaintiff's explicit "STOP" opt-out request, Defendant continued to transmit unsolicited text messages to Plaintiff's cellular telephone number, demonstrating willful and knowing disregard for Plaintiff's rights and federal law.

20. Defendant's continued transmission of text messages after receiving Plaintiff's "STOP" reply constitutes knowing and willful violations of the TCPA, entitling Plaintiff to treble damages of $1,500 per violation.

21. As a result of Defendant's unlawful conduct, Plaintiff has suffered actual harm including but not limited to invasion of privacy, intrusion upon seclusion, consumption of cellular telephone resources including battery power and data, lost time, annoyance, nuisance, and harassment.

CAUSES OF ACTION

FIRST CAUSE OF ACTION Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A)(iii) (Unsolicited Text Messages to Cellular Telephone Using ATDS)

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. The TCPA, at 47 U.S.C. § 227(b)(1)(A)(iii), prohibits any person from making any call (including a text message) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party.

24. Defendant transmitted no fewer than ten (10) text messages to Plaintiff's cellular telephone number (916) 308-0784 using what appears to be an automatic telephone dialing system or equivalent automated messaging platform, without Plaintiff's prior express written consent.

25. Each such text message constitutes a separate and distinct violation of 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiff is entitled to statutory damages of $500 per violation, and up to $1,500 per willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3).

27. The total statutory damages for ten (10) willful violations amount to $15,000, exclusive of any actual damages.

SECOND CAUSE OF ACTION Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) (Failure to Honor Opt-Out Request and Do Not Call Regulations)

28. The TCPA and its implementing regulations at 47 C.F.R. § 64.1200(d) require that any person or entity making telephone solicitations maintain an internal Do Not Call list, train personnel on the existence and use of such list, and honor opt-out requests within a reasonable time not to exceed thirty (30) days.

29. Plaintiff expressly opted out of Defendant's text messages by replying "STOP," a universally and legally recognized opt-out mechanism under 47 C.F.R. § 64.1200(d) and industry standard short message service ("SMS") opt-out protocols.

30. Defendant failed to honor Plaintiff's opt-out request and continued to transmit text messages to Plaintiff's cellular telephone number in direct violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

31. Each text message transmitted after Plaintiff's "STOP" reply constitutes a separate and distinct violation entitling Plaintiff to statutory damages of $500 per violation, trebled to $1,500 per willful violation pursuant to 47 U.S.C. § 227(c)(5).

THIRD CAUSE OF ACTION Violation of California Business and Professions Code § 17200 (Unlawful Business Practices - Supplemental State Claim)

32. Defendant's violations of the TCPA as described herein constitute unlawful business practices within the meaning of California Business and Professions Code § 17200 et seq., as they constitute acts or practices that are unlawful under federal law.

33. Defendant's unlawful conduct has caused harm to Plaintiff and, upon information and belief, to numerous other California consumers who have received similar unsolicited text messages from Defendant.

34. Plaintiff seeks injunctive relief pursuant to California Business and Professions Code § 17203 to enjoin Defendant from continuing its unlawful conduct directed at California consumers.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff COREY M. WRIGHT respectfully requests that this Court enter judgment in his favor and against Defendant DAILY RESOLVE, and award the following relief:

35. Statutory damages of $500 for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) for each of the ten (10) unsolicited text messages received by Plaintiff;

36. Treble statutory damages of $1,500 for each and every willful or knowing violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c), pursuant to 47 U.S.C. § 227(b)(3) and § 227(c)(5), for a total of up to $15,000;

37. A permanent injunction pursuant to 47 U.S.C. § 227(b)(3)(A) and California Business and Professions Code § 17203, enjoining Defendant DAILY RESOLVE, its officers, directors, agents, representatives, successors, assigns, and all persons acting in concert or participation with Defendant, from transmitting any further unsolicited text messages or calls to Plaintiff or any other person in violation of the TCPA;

38. Actual damages in an amount to be proven at trial, including compensation for time lost, invasion of privacy, and cellular telephone resources consumed;

39. An order requiring Defendant to establish and maintain a proper internal Do Not Call list and opt-out compliance program in accordance with 47 C.F.R. § 64.1200(d);

40. Costs of suit incurred herein;

41. Pre-judgment and post-judgment interest at the maximum lawful rate;

42. Such other and further relief as this Court deems just and proper.

Plaintiff COREY M. WRIGHT hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Date: June 23, 2020

COREY M. WRIGHT Plaintiff, Pro Se 125 Parmac Road, Unit 18 Chico, California 95926 Phone: (916) 308-0784